## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NM, LLC<br><br>   Plaintiff,<br><br> v.<br><br>DICK'S SPORTING GOODS, INC.,<br><br>   Defendant. | Civil Action No.:<br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

NM, LLC (hereafter "Plaintiff NM"), Plaintiff, brings this action against Defendant

Dick's Sporting Goods, Inc. (hereafter "Defendant Dick's"), and alleges the following:

### THE PARTIES

1. Plaintiff NM is a limited liability company organized and doing business under

the laws of Delaware.

2. Plaintiff NM is the owner of record and assignee of U.S. Patent No. 6,199,048

("the '048 Patent") and U.S. Patent No. 8,131,597 ("the '597 Patent") (collectively, "the

Asserted Patents") and Plaintiff has the full right, title, and interest to pursue this lawsuit based

on infringement of the Asserted Patents.  Both the '048 and '597 Patents expired on October 3,

2015.

3. Upon information and belief, Defendant Dick's Sporting Goods, Inc. is a

Delaware corporation and has as its agent for service of process:  Corporation Service Company,

located at 2711 Centerville Rd, Suite 400, Wilmington, DE 19808.

### JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. § 271, *et seq.*

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant Dick's since Defendant Dick's is a Delaware corporation and, on information and belief, Defendant Dick's has transacted business in this judicial district, directly or through intermediaries, and/or committed acts of infringement in this judicial district.

7.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(c) and (d), and 1400(b).

## BACKGROUND

8.      Inventors Frank C. Hudetz and Peter R. Hudetz are pioneers in two-dimensional barcode technology and infrastructure solutions.  The inventions of the Asserted Patents involve proprietary platform technology enabling consumers easy and quick access to information by scanning data carriers, such as Quick Response ("QR") codes as claimed in the patents asserted in this action.

9.      This suit alleges infringement by Defendant Dick's of two of Plaintiff NM's patents, specifically the Asserted Patents.

10.      Defendant Dick's has been expressly aware of the Asserted Patents since at least on or about January 30, 2014 (the "date of actual notice"), when Plaintiff NM's predecessor in title, NeoMedia Technologies, wrote to Defendant Dick's' CEO and identified the Asserted Patents specifically and placed Defendant Dick's on notice of infringement by stating, *inter alia*: "NeoMedia specifically accuses Dick'ss [*sic*] indirect QR codes of infringing the '048 and '597 patents [*sic*] US Patents."  Following that written notice, direct talks regarding the asserted

infringement of the '048 and '597 Patents were conducted between NeoMedia Technologies and Defendant Dick's.

## COUNT I:  INFRINGEMENT OF THE U.S. PATENT 6,199,048

11.      On March 6, 2001, U.S. Patent No. 6,199,048 was issued to Frank C. Hudetz and Peter R. Hudetz, as the inventors thereof.  A true and correct copy of the '048 Patent, which is entitled "System and Method for Automatic Access of a Remote Computer over a Network," is attached hereto as Exhibit "A."

12.      Upon information and belief, Defendant Dick's infringed the '048 Patent in violation of 35 U.S.C. § 271(a) by using the patented invention to, *inter alia*, use a method infringing the claims of the '048 Patent.  An Infringement Chart detailing the infringement by Defendant Dick's of Claim 1 of the '048 Patent, as an example of infringement of that patent, is attached hereto as Exhibit B.

13.      Upon information and belief, Defendant Dick's also infringed the '048 Patent in violation of 35 U.S.C. § 271(b) by intentionally actively inducing infringement after actual notice of infringement of the '048 Patent during the time period from on or about January 30, 2014, the date of actual notice, through the date of expiration of the Patent on October 3, 2016.

14.      Defendant Dick's intentionally actively induced infringement of the '048 Patent at least by placing obvious and easily noticeable QR codes on advertisement and sales information associated with Defendant Dick's' products for sale with the intention of inducing customers to access the QR codes and information accessible via the QR codes, in order to increase sales of Defendant Dick's' products.

15.      Plaintiff NM is entitled to recover from Defendant Dick's damages as a result of Defendant Dick's' acts of infringement of the '048 Patent prior to its expiration on October 3,

2015, and as a result of Defendant Dick's' acts of intentional active inducement of infringement of the '048 Patent from on or about January 30, 2014 through October 3, 2015, with both damages in amounts subject to proof at trial.

## COUNT II:  INFRINGEMENT OF THE '597 PATENT

16.     On March 6, 2012, U.S. Patent No. 8,131,597 was issued to Frank C. Hudetz and Peter R. Hudetz, as the inventors thereof.  A true and correct copy of the '597 Patent, which is entitled "System and Method for Using an Ordinary Article of Commerce to Access a Remote Computer," is attached hereto as Exhibit "C."

17.     Upon information and belief, Defendant Dick's infringed the '597 Patent in violation of 35 U.S.C. § 271(a) by using the patented invention to, *inter alia*, use a method infringing Claim 1.  An Infringement Chart detailing the infringement by Defendant Dick's of Claim 1 of the '597 Patent, as an example of infringement of that patent, is attached hereto as Exhibit D.

18.     Upon information and belief, Defendant Dick's also infringed the '597 Patent in violation of 35 U.S.C. § 271(b) by intentionally actively inducing infringement after actual notice of infringement of the '597 Patent during the time period from on or about January 30, 2014, the date of actual notice, through the date of expiration of the Patent on October 3, 2016.

19.     Defendant Dick's intentionally actively induced infringement of the '597 Patent at least by placing obvious and easily noticeable QR codes on advertisement and sales information associated with Defendant Dick's' products for sale with the intention of inducing customers to access the QR codes and information accessible via the QR codes, in order to increase sales of Defendant Dick's' products.

20.     Plaintiff NM is entitled to recover from Defendant Dick's damages as a result of

Defendant Dick's' acts of infringement of the '597 Patent prior to its expiration on October 3, 2015, and as a result of Defendant's acts of intentional active inducement of infringement of the '597 Patent from on or about January 30, 2014 through October 3, 2015, with both damages in amounts subject to proof at trial.

## PRAYER AND RELIEF

**WHEREFORE**, Plaintiff NM, LLC prays for judgment against Defendant Dick's Sporting Goods, Inc. for the following relief:

A.      a judgment declaring that Defendant Dick's Sporting Goods, Inc. infringed the '048 and '597 Patents;

B.      an accounting for damages under 35 U.S.C. § 284 from Defendant Dick's Sporting Goods, Inc.for its infringement of the '048 and '597 Patents, prior to its expiration on October 3, 2015, and an award of damages ascertained against Defendant Dick's Sporting Goods, Inc.in favor of Plaintiff NM, LLC, together with interest and costs thereon;

C.      an accounting for damages under 35 U.S.C. § 271(b) from Defendant Dick's Sporting Goods, Inc. for its intentional active inducement of infringement of the '048 and '597 Patents, from the date of actual notice of the patent, on or about January 30, 2014, through the patent's expiration on October 3, 2015, and an award of damages ascertained against Defendant Dick's Sporting Goods, Inc.in favor of Plaintiff NM, LLC, together with interest and costs thereon; and,

D.      such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff NM, LLC demands a trial by jury of all issues properly triable by jury in this action.

Respectfully submitted,

**O'KELLY & ERNST, LLC**

Dated: September 7, 2016

*/s/ Sean T. O'Kelly*
Sean T. O'Kelly (No. 4349)
Daniel P. Murray (No. 5785)
901 N. Market Street, Suite 1000
Wilmington, Delaware 19801
(302) 778-4000
(302) 295-2873 (facsimile)
sokelly@oelegal.com
dmurray@oelegal.com

*Attorneys for Plaintiff NM, LLC*